```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      McALLEN DIVISION

UNITED STATES OF AMERICA,        §
        Plaintiff                §
                                 §
VS                               §      CASE NO. 08-CV-207
                                 §
1.71 ACRES OF LAND, more or      §
less situated in STARR COUNTY,   §      JURY DEMANDED
TEXAS; AND CITY OF ROMA, EL AL,  §
        Defendants               §
```

### DEFENDANT CITY OF ROMA, TEXAS' ORIGINAL ANSWER
### TO PLAINTIFFS' ORIGINAL COMPLAINT
_____

May It Please The Court:

NOW COMES DEFENDANT, THE CITY OF ROMA, TEXAS (as well as CRISANTO SALINAS, OFFICIALLY AS CITY MANAGER FOR THE CITY OF ROMA TEXAS, and the 1.71 acres of land, more or less to the extent usch land is owned or controlled by the CITY OF ROMA, TEXAS)(hereafter collectively "DEFENDANT CITY") and files this Original Answer to the Complaint in Condemnation and Declaration of Taking of Plaintiff, the United States of America ("USA") and responds as follows:

### I.   PROPERTY IN WHICH DEFENDANT CLAIMS AN INTEREST

"BEING a tract of land containing 1.71 acres, more or less, out 3.61 acres, more or less, of Lot Numbered 18, of De La Cruz Subdivision, Starr County, Texas, as recorded on Page 187, Plat Number Two of the Plat Records of Starr County, Texas, said De La Cruz Subdivision being further subdivision of the South Seventeen acres more or less of survey 72, J. A. Salinas, Share 4-A of Starr County, Texas.  BEING a strip of land being approximately 60 feet in width and approximately 1,646 feet in length, which crosses the

land of the subject owner, and contains 1.71 acres, more or less, as shown on the attached map." *See Complaint in Condemnation, Schedules C & D.*

## II. NATURE AND EXTENT OF DEFENDANT'S INTEREST IN THE PROPERTY

The DEFENDANT CITY OR ROMA, TEXAS is a municipality created and organized under the laws of the State of Texas. DEFENDANT CITY asserts that it owns in fee simple, all and/or a large majority of, the property that is the basis of the condemnation, subject to any corrections in the legal description, additional title work and/or surveys that may be necessary to establish a correct legal description. This includes all property the subject of deeds to the City of Roma, recorded in Volume 0971, Page 419; Volume 1020, Page 610; and Volume 1108, Page 811 of the official records of Starr County, Texas.

## III. OBJECTIONS AND AFFIRMATIVE DEFENSES TO THE TAKING

A. DEFENDANT objects to Plaintiff's proposed taking as it exceeds statutory authority because Plaintiff has failed to meaningfully consult with DEFENDANT, as required by the Consolidated Appropriations Act, 2008 ("2008 Appropriations Act"), Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008).

B. DEFENDANT objects to Plaintiff's proposed taking as it would deny DEFENDANT due process of law.

C. The amount of Plaintiff's proposed compensation is unjust and inadequate to compensate for the property to be condemned.

D. Plaintiff's proposed taking is arbitrary and capricious, in part because Plaintiff has failed to consult with DEFENDANT as required by Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008). This failure to consult effects and relates to issues involving the DEFENDANT's daily functions and operations as a municipality. Such includes the location, re-direction and/or impact of the border fence on a city-owned and operated water pump on the banks of the

Rio Grande river, which delivers water to the City's treatment plant via above-ground water pipes.  DEFENDANT asserts that Plaintiff has not, to date, engaged in meaningful discussions with DEFENDANT as required by the Appropriations Act, but only in informal, non-definitive discussions regarding such.  DEFENDANT wishes to advise the Court that DEFENDANT is not opposed to Plaintiff's governmental prerogatives of entry for the purpose of surveying, inspecting, testing, or otherwise investigating the location of the fence and to consider alternatives and impacts in relation to the CITY's municipal water functions, or any related municipal activity in the area, in order to achieve the goals of the Congressional mandate.

E.  DEFENDANT objects to the nature of the interest/estate to be condemned, and asserts that Plaintiff can accomplish its same objectives with regard to the border security infrastructure over the proposed property, through alternative means, including a type of permanent easement with right of reverter should the border fence project be abandoned or dismantled at a future date.

F.  DEFENDANT asserts that the statutory deadline under which Plaintiff is operating is arbitrary and capricious, creates an unnecessary time pressure and has no rational relationship to a legitimate governmental purpose.

G.  DEFENDANT asserts that the legal description contained in Schedules C & D of the Complaint and Declaration of Taking may be inaccurate, and any inaccuracies need to be corrected.

## IV. ANSWER

In addition to and without waiving, the objections and defenses asserted above, DEFENDANT responds to the Plaintiff's specific allegations as follows:

1.  With respect to Paragraph 1, DEFENDANT admits.

2.  With respect to Paragraph 2, DEFENDANT admits the Court has jurisdiction pursuant to 28 U.S.C. 1358.

3. With respect to paragraph 3, DEFENDANT admits that the enumerated statutes generally provide legal authority for the taking of interests in property, but denies that this action has been instituted in accordance with such.

4. With respect to paragraph 4, DEFENDANT admits such purpose is the stated purpose for the interest in said property.

5. With respect to paragraph 5, DEFENDANT admits, although denies that the legal description contained therein is accurate.

6. With respect to paragraph 6, DEFENDANT admits, although denies that such interest is the only alternative to achieving the congressional mandate regarding the border fence.

7. With respect to paragraph 7, DEFENDANT is unable to admit or deny whether all known parties having or claiming an interest in said property are set forth, therefore denied.

8. With respect to paragraph 8, DEFENDANT is unable to admit or deny, therefore denied.

## JURY DEMANDED

DEFENDANT demands a jury to the extent allowed under this proceeding.

## CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing, DEFENDANT respectfully requests that the Court:

1. Dismiss the complaint in its entirety; or
2. Alternatively,
   a. grant it a trial by jury or commission as to the matters alleged in the complaint, including just compensation and the estate to be condemned;
   b. direct Plaintiff to meaningfully consult with DEFENDANT as required by the 2008 Appropriations Act; and,

3. Order such other relief in DEFENDANT's favor as it may, in its discretion, deem appropriate.

SIGNED on the 18th day of August, 2008.

                                        Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
701 E. Harrison #100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
Fed. I.D. No. 5953

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Associate Attorney
State Bar No. 24007128
Fed. I.D. No. 29288

**CERTIFICATE OF SERVICE**

    I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 18th day of August, 2008.

    Mr. Marcus D. Campbell
    Assistant U.S. Attorney
    P.O. Box 61129
    Houston, Texas 77208-1129
    COUNSEL FOR PLAINTIFF USA

*Robert Drinkard*
RICARDO J. NAVARRO
ROBERT L. DRINKARD