IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 7:08-cv-00207 |
| § | |
| 1.71 ACRES OF LAND, MORE OR § | |
| LESS, SITUATED IN STARR § | |
| COUNTY, TEXAS; CITY OF ROMA, § | |
| ET AL., § | |
|     Defendants. § | |

### DEFENDANT CITY OF ROMA, TEXAS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT IN CONDEMNATION

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, The City of Roma, Texas (as well as Crisanto Salinas, officially as City Manager for the City of Roma, Texas, and the 1.71 acres of land, more or less to the extent such land is owned or controlled by the City of Roma, Texas) (collectively the "City Defendant") and, pursuant to this Court's order of June 1, 2017 (Dkt. 55) files this Answer to the Second Amended Complaint in Condemnation of Plaintiff, the United States of America ("USA") and responds as follows:

**I.   Property in which City Defendant claims an interest.**

    1.   Tract RGV-RGC-1066 (0.824 Acres)

"A 0824 of one acre (35,880 square feet) parcel of land out of a portion of Share 11-a, and Share 10, Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas and a portion of a tract of land described in a deed to the City of Roma, recorded in Volume 108, Page 637 of the Official Records of Starr County Texas (O.R.S.C.T.), a portion of a tract of land described in a deed to the City of Roma recorded in Volume 1108, Page 811 O.R.S.C.T. and a portion of a tract

1

of land described in a deed to the City of Roma recorded in Volume 971, Page 41 O.R.S.C.T."
*See* Amended Complaint in Condemnation, Schedules CC and DD.

    2. Tract RGV-RGC-1090 (0.166 Acres)

"A 0.166 of one acre (7,214 square feet) parcel of land out of a portion of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas, and a portion of the right-of-way of Historical Plaza (120 feet wide), as shown on the Map of the City of Roma, recorded in Volume 2, Page 353 of the Map of Records of Starr County (M.R.S.C.T.), Texas." *See* Amended Complaint in Condemnation, Schedules CC and DD.

    3. Tract RGV-RGC-1095 (0.062 Acres)

"A 0.062 of one acre (2,685 square feet) parcel of land out of a portion of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas, and a portion of the right-of-way of Juarez Avenue (40 feet wide), as shown on the Map of the City of Roma, recorded in Volume 2, Page 353 of the Map Records of Starr County (M.R.S.C.T.), Texas." *See* Amended Complaint in Condemnation, Schedules CC and DD; *See* Second Amended Complaint in Condemnation, Exhibit DDD (containing corrected survey for Tract RGV-RGC-1095).

**II.    Nature and extent of City Defendant's interest in the property.**

    The Defendant is a municipality created and organized under the laws of the State of Texas. The City Defendant asserts that it owns in fee simple the above-identified property that is the basis of the condemnation, subject to any corrections in the legal description, additional title work, and/or surveys that may be necessary to establish a correct legal description. This includes all property identified in the Amended Complaint as belonging to the City.

**III.    Objections and affirmative defenses to the taking.**

A. City Defendant objects to Plaintiff's proposed taking as it exceeds statutory authority because Plaintiff has failed to meaningfully consult with the City Defendant, as required by the Consolidated Appropriations Act, 2008 ("2008 Appropriations Act"), Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008).

B. The City Defendant objects to Plaintiff's proposed taking as it would deny the City Defendant due process of law.

C. The amount of Plaintiff's proposed compensation is unjust and inadequate to compensate for the property to be condemned.

D. Plaintiff's proposed taking is arbitrary and capricious, in part because Plaintiff has failed to consult with City Defendant as required by Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008).  This failure to consult effects and relates to issues involving the City Defendant's daily functions and operations as a municipality. Such includes the location, re-direction and/or impact of the border fence on a city-owned and operated water pump on the banks of the Rio Grande River, which delivers water to the City's treatment plant via above-ground water pipes. The City Defendant asserts that Plaintiff has not, to date, engaged in meaningful discussions with City Defendant as required by the Appropriations Act, but only in informal, non-definitive discussions regarding such.  The City Defendant wishes to advise the Court that it is not opposed to Plaintiff's governmental prerogatives of entry for the purpose of surveying, inspecting, testing, or otherwise investigating the location of the fence and to consider alternatives and impacts in relation to the City's municipal water functions, or any related municipal activity in the area, in order to achieve the goals of the Congressional mandate.

E. The City Defendant objects to the nature of the interest/estate to be condemned, and asserts that Plaintiff can accomplish its same objectives with regard to the border security infrastructure over the proposed property, through alternative means, including a type of permanent easement with right of reverter should the border fence project be abandoned or dismantled at a future date.

F. The City Defendant asserts that the statutory deadline under which Plaintiff is operating is arbitrary and capricious, creates an unnecessary time pressure and has no rational relationship to a legitimate governmental purpose.

G. The City Defendant asserts that the legal description contained in Schedules CC & DD of the Amended Complaint, and/or Schedule DDD of the Second Amended Complaint may be inaccurate, and any inaccuracies should to be corrected.

## IV. Answer.

In addition to and without waiving, the objections and defenses asserted above, the City Defendant responds to the Plaintiff's specific allegations as follows:

1. With respect to Paragraph 1 of the Second Amended Complaint, the City Defendant admits.

2. With respect to Paragraph 2 of the Second Amended Complaint, the City Defendant admits the Court has jurisdiction pursuant to 28 U.S.C. § 1358.

3. With respect to paragraph 3 of the Second Amended Complaint, the City Defendant admits that the enumerated statutes generally provide legal authority for the taking of interests in property, but is unable to admit or deny whether this action has been instituted in accordance with such.

4. With respect to paragraph 4 of the Second Amended Complaint, the City Defendant admits such purpose is the stated purpose for the interest in said property.

5. With respect to paragraph 5 of the First Amended Complaint, the City Defendant cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "heretofore acquired in these proceedings," therefore denied.

5. With respect to paragraph 5 of the Second Amended Complaint, the City Defendant cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "heretofore acquired in these proceedings," therefore denied.

6. With respect to paragraph 6 of the First Amended Complaint, the City Defendant cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "heretofore acquired in these proceedings," therefore denied.

7. With respect to paragraph 7 of the First Amended Complaint, the City Defendant is unable to admit or deny whether all known parties having or claiming an interest in said property are set forth, therefore denied.

8. With respect to paragraph 8 of the First Amended Complaint, the City Defendant is unable to admit or deny, therefore denied.

**V.    Jury Demand.**

The City Defendant demands a jury to the extent allowed in this proceeding.

**VI.    Conclusion & Prayer for Relief.**

Therefore, based on the foregoing, the City Defendant respectfully requests that the Court:

1. Dismiss the complaint in its entirety, or
2. Alternatively,
    a. Grant it a trial by jury as to the matters alleged in the complaint, including just compensation and the estate to be condemned;

    b. Direct Plaintiff to meaningfully consult with the City Defendant as required by the 2008 Appropriations Act; and,

    c. Order such other relief in the City Defendant's favor as it may, in its discretion, deem appropriate.

Signed on this the 22nd day of June, 2017.

        Respectfully submitted,

        */s/ Bradley B. Young*
        Bradley B. Young
        Attorney-in-Charge
        Texas Bar No. 24028245
        Southern District No. 625231
        byoung@bickerstaff.com

        Joshua D. Katz
        Texas Bar No. 24044985
        Southern District No. 2156333
        jkatz@bickerstaff.com

        BICKERSTAFF HEATH
        DELGADO ACOSTA LLP
        3711 South MoPac Expressway
        Building One, Suite 300
        Austin, Texas 78746
        Telephone: (512) 472-8021
        Fax: (512) 320-5638

        **COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of June, 2017, a true and correct copy of the foregoing document was filed with the Court via the CM/ECF, and that a true and correct copy of this document was served upon all counsel of record by electronic service via the Court's CM/ECF.


*/s/ Bradley B. Young*
Bradley B. Young