United States District Court
Southern District of Texas
**ENTERED**
March 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:08-CV-00207 |
| § | |
| 1.71 ACRES OF LAND, MORE OR LESS, *et al.*, § § | |
| § | |
| Defendants. § | |

## ORDER AND FINAL JUDGMENT

Before the Court is the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-1091 and RGV-RGC-1092" filed by the United States of America and Defendants Maria Cecilia Benavides and Noel P. Benavides, Jr.[1] The parties agree on just compensation as to Tract RGV-RGC-1091 and RGV-RGC-1092 ("Subject Property") and now seek an order: (1) establishing just compensation; (2) granting immediate possession of the Subject Property to the United States; (3) distributing the stipulated just compensation; and (4) closing this case on the Court's docket.

**I.  BACKGROUND**

1. This case was commenced on July 1, 2008, with the United States seeking acquisition of a fee simple estate in the property identified as Tract RGV-RGC-1066. The United States originally deposited twelve thousand dollars and 00/100 ($12,000.00) with the Registry of the Court as estimated just compensation for Tract RGV-RGC-1066.[2] Upon deposit of the estimated just compensation, title to the Subject Property vested in the name of the United States by operation of law.[3] The United States subsequently determined that the property being acquired consisted of

---

[1] Dkt. No. 161.
[2] Dkt. No. 4.
[3] Upon the filing of the Declaration of Taking and depositing the estimated compensation amount in the Registry of Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration

several separately-owned tracts, and amended its declaration of taking to modify the description of Tract RGV-RGC-1066 and add twelve additional tracts, including Tracts RGV-RGC-1091 and RGV-RGC-1092.[4] The amended declaration of taking specified that $1,500 of the initial deposit was allocated to Tracts RGV-RGC-1091 and RGV-RGC-1092.[5] The United States subsequently moved to sever the tracts with disparate ownership into separate cases, leaving only Tracts RGV-RGC-1091 and RGV-RGC-1092 under the instant cause number. This Court granted the motion to sever and transferred $6,800 from the funds deposited in this case to the severed cases, leaving $5,200 in the Registry for Tracts RGV-RGC-1091 and RGV-RGC-1092.[6] The United States then deposited $4,800 into the Registry of this Court as additional compensation for Tracts RGV-RGC-1091 and RGV-RGC-1092.[7]

## II.   STIPULATION AND JUDGMENT

2. The United States and Defendants Maria Cecilia Benavides and Noel P. Benavides Jr., now agree and stipulate that the proper just compensation for Tracts RGV-RGC-1091 and RGV-RGC-1092 in this action is ten thousand dollars and 00/100 ($10,000.00), and this is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action. The parties request a final judgment be entered against the United States in the amount of ten thousand dollars and 00/100 ($10,000.00) for the Subject Property. Defendants warrant (1) Maria Cecilia Benavides and Noel P. Benavides Jr. are the owners of the Subject Property taken in this proceeding; (b) they have the exclusive right to the compensation, herein; excepting the interests of parties having liens, leases, encumbrances of

---

vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit").

[4] Dkt. Nos. 36, 37, Amended Complaint and Amended Declaration of Taking, as amended by Dkt. Nos. 47, 48, Second Amended Complaint and Second Amended Declaration of taking.
[5] Dkt. No. 37, Amended Declaration of Taking, at Schedule "FF".
[6] Dkt. No. 151.
[7] Dkt. No. 160.

record, and unpaid taxes and assessments, if any; and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.[8]

3. The parties seek immediate disbursement of the funds on deposit in the Registry of the Court and have agreed that the funds should be disbursed as follows:

    i. Ten thousand dollars and 00/100 ($10,000.00), with accrued interest from the date of deposit to be disbursed in favor of McFarland PLLC, attorneys for Maria Cecilia Benavides and Noel P. Benavides, Jr.

4. Based on the foregoing, the Court finds that since the parties are in agreement about the amount of compensation, just compensation has been established. Final judgment is hereby entered against the United States in the amount of ten thousand dollars and 00/100 ($10,000.00), along with any accrued interest. This sum is in full satisfaction of any claims whatsoever by Defendants against the United States for the institution and prosecution of the above-captioned action. The total said sum of ten thousand dollars and 00/100 ($10,000.00), with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments due or owing, Defendants Maria Cecilia Benavides and Noel P. Benavides, Jr. are responsible for the payment of any additional taxes or assessments, which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

5. The parties have further agreed, in the event that any other party is ultimately determined to have any right to receive compensation for the interest taken in the Subject Property, Defendants Maria Cecilia Benavides and Noel P. Benavides, Jr. shall refund to the Registry of the Court the

---

[8] Dkt. No. 161 at p. 5, ¶ 13(g).

3 / 5

compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. §3116 from the date of receipt of the respective deposit by Defendants Maria Cecilia Benavides and Noel P. Benavides, Jr., to the date of repayment into the Registry of the Court.

6. Additionally, the Court finds that the United States is entitled to immediate possession of the Subject Property and all persons in possession or in control of the interests taken in the Subject Property are ordered by this Court to surrender possession to the United States.

7. The parties agree that, as stated in Schedule "EE" of the Amended Complaint and the Amendment to Declaration of Taking, Defendants, their successors and assigns and all subsequent owners, for the purpose of using and developing water rights, and gaining access to Defendants' land on the other side of the border barrier, will be allowed continuous and uninterrupted access through the Subject Property, including the right to vehicular ingress and egress through any patrol or maintenance road and through the nearest gate, as stated in Schedule "EE" of the Amended Complaint and the Amendment to Declaration of Taking, at all times except in the case of an emergency, or to the extent necessary for the United States to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. The United States will coordinate with the Defendants the location of the nearest gate access.[9]

8. The parties have also agreed that the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.[10] The parties also agree that Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated final judgment.[11]

---

[9] *Id.* at p. 6, ¶ 13(l).
[10] *Id.* at p. 5, ¶ 13(i).
[11] *Id.* at p. 6, ¶ 13(m).

9. Finally, the parties have agreed that Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.[12]

### III. HOLDING

The Court **ORDERS** the Clerk of Court to **DISBURSE** the total sum of ten thousand dollars and 00/100 ($10,000.00), **along with any accrued interest earned thereon while on deposit**, payable by check as follows:

    i. Ten thousand dollars and 00/100 ($10,000.00) to McFarland PLLC FBO Maria Cecilia Benavides and Noel P. Benavides, Jr., with accrued interest from the date of deposit.

**IT IS HEREBY ORDERED** that this case be **DISMISSED** and **CLOSED** on the Court's docket.

SO ORDERED March 11, 2022, at McAllen, Texas.

_____
Randy Crane
United States District Judge



---

[12] *Id.* at p. 6-7, ¶ 13(n).

5 / 5